IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSHUA D. BENSON, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 21-1369-RGA |
| ROBERT MAY, et al., | : |
| Defendants. | : |

Joshua D. Benton, James T. Vaughn Correctional Center, Smyrna, Delaware.
Pro Se Plaintiff.


**MEMORANDUM OPINION**


April 13, 2022
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

  Plaintiff Joshua D. Benson, an inmate at James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.  (D.I. 2).  Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis.*  (D.I. 5).  The Court proceeds to screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).

## BACKGROUND

  The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint.  See *Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).  Plaintiff alleges violations of the Fifth, Eighth, and Fourteenth Amendment to the United States Constitution when several institutional "false charges" were filed against him including one on February 22, 2021 for promoting prison contraband.  (D.I. 2 at 5, 6),  Named Defendants are Warden Robert May, Deputy Warden Phillip Parker, Hearing Officer Robert Heishman, and Internal Affairs Officer Orlando DeJesus.  DeJesus and Heishman investigated the matter, and Plaintiff alleges that a fellow inmate told them that Plaintiff had no involvement.  (*Id.* at 6-8, 7).  Plaintiff also alleges that there was no physical evidence.  (*Id.* at 6, 8, 9).  Following a hearing, Plaintiff was found guilty.  (*Id.* at 6, 8).  Plaintiff alleges that Heishman did not conduct a fair and impartial hearing.  (*Id.* at 9).  Heishman recommended stripping Plaintiff of 90 days earned good-time credits.  (*Id.*).  Parker concurred with the recommendation.  (*Id.* at 10).  On February 26, 2021, Mays sent correspondence to the

1

Board of Parole and Central Record "insinuating" that Plaintiff was a "prison contraband promoter" when there was no illegal contraband to support the allegations. (*Id*.).

Plaintiff seeks injunctive relief as well as compensatory and punitive damages. (*Id.* at 12).

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Id*.

2

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S.10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at

679 (quoting Fed. R. Civ. P. 8(a)(2)).  Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*

## DISCUSSION

In the prison litigation history section of the Complaint, Plaintiff refers to a case he filed in state court, C.A. No. K21C-05-020.  (D.I. 2 at 13).  That complaint raised claims pursuant to 42 U.S.C. § 1983 and named as defendants May, Heishman, DeJesus, and Parker.  The Court takes judicial notice that the case, *Benson, v. May*, C.A. No. K21C-05-020 (Del. Super.) at BL-1[1], filed May 21, 2021, alleges the same facts as the instant case regarding promoting prison contraband, a disciplinary hearing, finding of guilt, and no physical evidence to support the finding, all in violation of the First, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and the Delaware Constitution.[2]  *Id.*  Plaintiff sought injunctive relief and compensatory damages.  *Id.*  On June 14, 2021, the matter was dismissed as factually and legally frivolous.  *Id.* at BL-9.  The Superior Court of the State of Delaware in and for Kent County also found that it plainly appeared form the face of the pleading that Plaintiff was not entitled to relief.  *Id.*  Plaintiff did not appeal.  Instead, he filed the instant case on September 22, 2021.  (D.I. 1).

---

[1] The Court has access to the Superior Court docket via Bloomberg Law. "BL" is how Bloomberg Law refers to docket entries.
[2] The pleading is titled as a complaint and sought relief pursuant to 42 U.S.C. § 1983. *Id.* at BL-1.  The dismissal order referred to the matter as a petition for writ of mandamus.  *Id*. at BL-9.

This Court may dismiss, *sua sponte*, claims barred by res judicata, now referred to as claim preclusion. *See King v. East Lampeter Twp.*, 69 F. App'x 94 (3d Cir. 2003). Claim preclusion bars a party from initiating a second suit against the same adversary based on the same cause of action as the first suit. *See In re Continental Airlines, Inc.*, 279 F.3d 226, 232 (3d Cir. 2002); *McLaughlin v. Board of Trustees of Nat'l Elevator Indus. Health Benefit Plan*, 686 F. App'x 118, 121 (3d Cir. 2017).

As just discussed, on May 21, 2021, Plaintiff filed a civil action in the Superior Court against the same defendants, raising the same or similar claims to those raised in the instant Complaint including violations of the Fifth, Eight, and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983. *See Benson, v. May*, C.A. No. K21C-05-020 (Del. Super. Ct.).

The doctrine of res judicata 'protects litigants from the burden of relitigating an identical issue with the same party or his privy and promotes judicial economy by preventing needless litigation.'" *Lewis v. Smith*, 361 F. App'x 421, 423 (3d Cir. 2010). Three elements are required: (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies, and (3) a subsequent suit based on the same cause of action. *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008). Res judicata "bars not only claims that were brought in a previous action, but also claims that could have been brought." *Duhaney v. Attorney Gen.*, 621 F.3d 340, 347 (3d Cir. 2010) (cleaned up).

5

The elements are met. First, the State action against was dismissed as factually and legally frivolous.[3] Dismissal for failure to state a claim is a final judgment on the merits for res judicata purposes. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981); *Kulick v. Pocono Downs Racing Ass'n, Inc.*, 816 F.2d 895, 898 n.6 (3d Cir. 1987). Second, Plaintiff and Defendants all were parties in the State case. Finally, this action is based upon the same cause of action as in the Superior Court case filed by Plaintiff,.

The conditions for claim preclusion are satisfied and, hence, Plaintiff's Complaint will be dismissed.

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).  Amendment is futile.

An appropriate Order will be entered.

---

[3] If Plaintiff disagreed, his remedy was to file an appeal, not to refile the same case in federal court.